IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 C 1255 |
| ) | |
| FINANCE AMERICA, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Thomas A. Murray filed the present putative class action Complaint alleging that Defendant Finance America, LLC ("Finance America") obtained Murray's credit report for an impermissible purpose in violation of 15 U.S.C. § 1681b.[1] Before the Court are the parties' Cross-Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants in part and denies in part Murray's Motion for Summary Judgment. The Court denies Finance America's Motion for Summary Judgment.

**BACKGROUND**

Defendant Finance America is a limited liability company chartered under Delaware law with its principal place of business in Irvine, California. (R. 45-1, Def.'s Rule 56.1 Stmt. Facts, ¶ 1.) Finance America is an affiliate of Lehman Brothers Bank, FSB, and originates sub-prime mortgage loans. (*Id.*)

In 2005, Finance America sent two "pre-screened" letters to Plaintiff Thomas A. Murray

---

[1] On January 5, 2006, the Court dismissed Plaintiff's "clear and conspicuous" claim under 15 U.S.C. § 1681m(d).

after obtaining his credit information from a consumer reporting agency. (R. 74-1, Def.'s Add'l Facts ¶ 62; R. 55-1, Pl.'s Add'l Stmt. Facts at ¶ 49.) The text of the front of one of these letters, marked as Exhibit A, reads as follows:

> We are very pleased to inform you that you have been pre-qualified for a home loan from Finance America. To find out how much you qualify for, please call us today at 1-800-303-4944.
>
> At Finance America, we have the resources to provide a home loan that best fits your needs. Whether you are looking to refinance your loan or purchase a new home, we offer fixed, interest-only and hybrid loan programs to fit most financial circumstances.
>
> Getting a home loan has never been easier. There is no obligation. Nothing to fill out or complete now. All it takes is just one call.
>
> Sincerely,
> /s/
> Michael Grant
> Lending Manager
>
> P.S. Call us today at 1-800-303-4944 to take advantage of your pre-qualified status and a free financial analysis. Don't forget to mention your personal reservation number listed above.
>
> **IMPRORTANT** [sic] **CALL 1-800-303-4944**

(Pl.'s Add'l Stmt. Facts at ¶ 15, Ex. A.) The text of the front of the letter marked as Exhibit B reads as follows:

> We have good news regarding your loan with your current mortgage lender! Based on our records, you have been pre-qualified for a home loan. Please call me today at 1-800-303-4944 to discuss the details.
>
> Sincerely,
> /s/
> Michael Grant
> Lending Manager

(*Id.* ¶ 16, Ex. B.)

Murray did not give written permission to Finance America to obtain his consumer report. (*Id.* ¶ 12.) Further, Finance America's letters do not indicate the amount of credit or the minimum amount of credit to be extended to the borrower. (*Id.* ¶¶ 24-25.) In addition, Finance America does not state the loan's rate of interest or give a range of interest rates. (*Id.* ¶¶ 26-27.) Also, the letters do not indicate the method by which interest would be computed, the length of time over which the loan would be repaid, whether a prepayment penalty applied, the amount of fees, costs, charges, or points, or Finance America's underwriting guidelines. (*Id.* ¶¶ 28-36.)

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). On cross-motions for summary judgment, the Court construes all the facts and reasonable inferences in favor of the party against whom the motion under consideration is made. *Schneider v Sentry Group Long Term Disability Plan,* 422 F.3d 621, 626 (7th Cir. 2005). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The existence of a factual dispute is not sufficient to defeat a summary judgment motion, instead the non-moving party must present definite, competent evidence to rebut the summary judgment motion. *Butts v. Aurora Health Care, Inc.,* 387 F.3d 921, 924 (7th Cir. 2004); *see also* Fed. R.

3

Civ. P. 56(e) (adverse party must set forth specific facts showing that there is genuine issue for trial).

## ANALYSIS

Both parties seek summary judgment on Murray's claim that Finance America's conduct in accessing his consumer report violated the FCRA. The parties dispute whether Finance America's letters constitute "firm offers of credit," and thus whether Finance America had a permissible purpose to access Murray's credit report.

A party may obtain a consumer's credit report only with the written consent of the consumer or for certain "permissible purposes." *Cole v. U.S. Capital Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) (citing 15 U.S.C. § 1681b(a)). One of these "permissible purposes" is a "firm offer of credit" made to the consumer. *Id.* at 725; *see also Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 955 (7th Cir. 2006). The FCRA defines "firm offer of credit" as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l ). "The statutory scheme of the FCRA makes clear that a 'firm offer' must have sufficient value for the consumer to justify the absence of the statutory protection of his privacy." *Cole,* 389 F.3d at 726.

In *Murray v. GMAC Mortgage,* the Seventh Circuit explained that when determining whether a mailing is a bona fide offer of credit rather than an advertisement for products or services, courts must look to the terms of the offer. *Id.* at 955-56. "To decide whether [a defendant] has adhered to the statute, a court need only determine whether the four corners of the offer satisfy the statutory definition (as elaborated in *Cole*), and whether the terms are honored

4

when consumers accept." *Id.* at 956. The *Cole* court articulated that a "definition of 'firm offer of credit' that does not incorporate the concept of value to the consumer upsets the balance Congress carefully struck between a consumer's interest in privacy and the benefit of a firm offer of credit for all those chosen through the pre-screening process. From the consumer's perspective, an offer of credit without value is the equivalent of an advertisement or solicitation." *Id*. at 726-27. To determine whether an offer of credit has sufficient value, the Court focuses on the entire offer and the effect of all the material conditions, such as the terms of the offer, including the rate of interest, method of computing interest, and length of repayment period. *Id.* at 728.

I. **Firm Offer of Credit**

Murray argues that Finance America's letters do not constitute "firm offers of credit" because the loan's terms are vague and confer little, if no value to him. The Court agrees. In the letters, Finance America does not state the amount of credit to be extended to the borrower or the rate of interest or ranges of rates of interest. The mailers do not articulate the method by which interested would be computed, the length of time over which the loan would be repaid, whether a prepayment penalty applied, the amount of fees, costs, charges, or points, or Finance America's underwriting guidelines. Instead, Exhibit A simply states that Finance America offers "fixed, interest-only and hybrid loan programs to fit most financial circumstances." Exhibit B is also vague, stating: "We have good news regarding your loan with your current mortgage lender! Based on our records, you have been pre-qualified for a home loan. Please call me today at 1-800-303-4944 to discuss the details." In sum, these mailings are missing important, concrete terms of the home loans and confer little or no value to the consumer, instead, the letters simply

invite the consumer to call Finance America for more details.  *See Cole,* 389 F.3d at 728.

Finance America's argument that circumstances outside of the letters make the letters "firm offers of credit" does not save the day because the Seventh Circuit instructs that courts "need only determine whether the four corners of the offer satisfy the statutory definition." *Murray v. GMAC Mortgage,* 434 F.3d at 956.  As the Seventh Circuit explained, the "statutory definition of 'firm offer' does not ask about how consumers react, ... it asks what the offeror has done – what terms have been extended, whether they are honored if a consumer accepts." *Id.* at 955.

## II.     Actual Damages

Next, Finance America argues that Murray must prove actual pecuniary damages as a prerequisite to recovering statutory damages under Section 1681n(a)(1)(A).  In support of its argument, Finance America relies on *Ruffin-Thompkins v. Experian Info. Solutions, Inc.,* 422 F.3d 603 (7th Cir. 2005).  *In Ruffin-Thompkins,* the plaintiff was required to establish an "actual injury" as an element of her claim under Section 1681i(a)(1)(A), which pertains to a credit reporting agency's obligation to reinvestigate a credit report when a consumer asserts that her report is inaccurate or incomplete.  *Id.* at 608-09; *see also Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) (without causal connection between violation of statute and loss of credit, plaintiff cannot obtain award of actual damages).

Here, the relevant FCRA section to Murray's claim, Section 1681b, does not require proof of actual damages as an element of the claim.  *See Murray v. New Cingular Wireless Serv., Inc.,* 232 F.R.D. 295, 303 (N.D. Ill. 2005).  In fact, the plain language of the applicable damages section allows for "any actual damages sustained by the consumer as a result of the failure ***or***

damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (emphasis added); *see also TRW, Inc. v. Andrews,* 534 U.S. 19, 23 n.2, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (1996 amendment to FCRA added statutory damages); *Murray,* 232 F.R.D. at 303 (statutory damages are alternative remedy to actual damages). Indeed, the *Murray v. GMAC Mortgage* court explained that because actual losses are usually small and hard to quantify, Section 1681n(a)(1)(A) provides for modest, statutory damages without proof of injury. *Id.* at 953. Accordingly, Murray is not required to prove actual damages to establish a violation of Section 1681b or to obtain statutory damages under Section 1681n(a)(1)(A).

**III.     Statutory Damages – Willful Non-Compliance**

To obtain statutory damages under Section 1681n(a)(1)(A), Murray must establish that Finance America acted in a willful manner, namely, that it knowingly and intentionally violated the Act and that it was conscious that its actions impinged on the rights of others. *Wantz v. Experian Info. Solutions,* 386 F.3d 829, 834 (7th Cir. 2004) (citing *Phillips v. Grendahl,* 312 F.3d 357, 368 (8th Cir. 2002)).

Here, Murray argues that Finance America failed to comply with the FCRA because it was aware of its legal obligations to make a firm offer of credit in its mailings, yet failed to do so. In support of this argument, Murray sets forth evidence that Finance America's marketing director, in-house counsel, and chief operating officer, along with a third-party vendor and consumer reporting agency, reviewed the letters for compliance. (*See* R. 74-1, Finance Am. Resp. Pl.'s Add'l Facts ¶ 46.) Despite this compliance review, Murray contends that from the face of the letters, Finance America's compliance procedures were either not applied in the first

7

instance or totally inadequate, and thus Finance America's actions were willful.[2]

Although Murray has set forth evidence that Finance America had compliance procedures in place, reviewing the facts and all reasonable inferences in a light most favorable to Finance America, *see Schneider,* 422 F.3d at 626, the Court cannot conclude, as a matter of law, that Finance America's conduct was willful because the letters did not contain firm offers of credit. In other words, at this procedural posture, the Court is not the trier of fact and cannot make the inferential leap that because the letters did not contain firm offers of credit, Finance America did not apply its compliance procedures or that its procedures were inadequate, and thus Finance America's actions constituted willful conduct under Section 1681n(a)(1)(A). Finally, because Finance America sets forth evidence that it believed its actions were proper under the FCRA, there is a genuine issue of material fact whether Finance America willfully violated the FCRA when it sent its letters offering home loans. *See Phillips,* 312 F.3d at 370-71.

---

[2] Murray relies on *Kudlicki v. Farragut Fin. Corp,* No. 05 C 2459 (N.D. Ill. Jan. 20, 2006) for the proposition that from the face of the mailings, the Court can determine that Finance America's compliance procedures were not applied or inadequate. The *Kudlicki* analysis, however, was based on a fundamentally different set of facts. For example, in *Kudlicki*, the district court based its decision on the fact that the compliance officer was not an attorney and that there was no competent evidence that any attorney reviewed the defendant's mailer. *Id*. at 3. Here, evidence in the record indicates that Finance America's compliance procedure involved in-house counsel's review of the letters.

## CONCLUSION

For these reasons, the Court grants in part and denies in part Murray's Motion for Summary Judgment. Further, the Court denies Finance America's Motion for Summary Judgment.

Dated: April 4, 2006

                                                  **ENTERED**

                                                  *[signature]*

                                                **AMY J. ST. EVE**
                                                **United States District Court Judge**